19 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Porter W. MICKLE, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 No. 93-15164.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided Feb. 28, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Porter Wayland Mickle appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside or correct his sentence for a variety of drug convictions. Mickle claims the district court lacked statutory authority to impose five-year concurrent sentences of "supervised release" for offenses committed on December 11, 1985 and May 1, 1986. Mickle alleges those offenses occurred during a "gap period" between the October 12, 1984 amendment that eliminated "special parole" terms from 21 U.S.C. Sec. 960, but before the effective date of "supervised release" terms added by the 1984 amendment and 18 U.S.C. Sec. 3583. The government argues the "special parole" terms were still effective at the time the drug offenses were committed and therefore Mickle was properly sentenced.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. Sec. 2253.
 
 
 4
 We affirm the ruling of the district court but alter the judgment by replacing the term "supervised release" with the phrase "special parole."
 
 STANDARD OF REVIEW
 
 5
 The district court's denial of a habeas corpus petition is reviewed de novo. Harris v. Vasquez, 943 F.2d 930, 944 (9th Cir.1991). We also review the legality of a criminal sentence de novo. United States v. Pomazi, 851 F.2d 244, 247 (9th Cir.1988).
 
 DISCUSSION
 
 6
 The penalty provisions in 21 U.S.C. Sec. 960(b)(1) and (2), enacted in 1970, require the sentence for 21 U.S.C. Sec. 952 violations to include "a special parole term," defined in Sec. 960(c). The 1984 amendment to Sec. 960 eliminated the special parole terms, and added provisions for periods of "supervised release." However, this amendment became effective "on the first day of first calendar month beginning thirty-six months after Oct. 12, 1984...." Pub.L. 98-473, Sec. 225; 21 U.S.C.A. Sec. 960 (1993 pocket part). That is, the amendment was not effective until November 1, 1987, and thus the 1970 version of Sec. 960 remained effective until that date. 21 U.S.C. Sec. 960 ("Amendment ... only applicable to offenses committed after the taking of effect of such amendment").
 
 
 7
 Mickle's drug-related offenses occurred on December 11, 1985 and May 1, 1986, for which he was sentenced to ten-years in prison.[1] In addition, because the special parole provisions in Sec. 960 were still in effect on these dates, he was also sentenced to five-years of "supervised release" under 21 U.S.C. Sec. 960(b)(1) and (b)(2). Because sentencing statutes in effect on the date of the offense control sentencing,[2] Dobbert v. Florida, 432 U.S. 282 (1976), Mickle should have been sentenced to "special parole" rather than "supervised release."
 
 
 8
 Mickle nonetheless claims a "gap period" occurred between October 27, 1986 and November 1, 1987 in which the term "special parole" had been eliminated from Sec. 960(b)(2) and the replacement term ("supervised release") was not yet effective. Thus, he asserts his sentence, which included a five-year "supervised release," should be corrected on remand to eliminate the supervised release altogether. As discussed above, no such gap occurred; the provisions in the 1970 version remained effective until November 1, 1987, at which time the provisions in the 1984 amendment became effective. However, even if Mickle's alleged "gap period" (October 27, 1986 to November 1, 1987) were to exist, his offenses (on December 11, 1985 and May 1, 1986) occurred before this period. See Dobbert, 432 U.S. 282. Therefore, he is subject to the mandatory special parole provisions in 21 U.S.C. Sec. 960.
 
 
 9
 Mickle further argues that the "rule of lenity" requires the judgment to be corrected by eliminating the supervised release and thus fulfilling the government's plea bargain agreement. However, the rule of lenity only applies if there is statutory ambiguity. Bifulco v. United States, 447 U.S. 381, 387. "Where Congress has manifested its intention, we may not manufacture ambiguity in order to defeat that intent." Id. The effective dates of 18 U.S.C. Sec. 3583 and the 1970 amendment to 21 U.S.C. Sec. 960 are unambiguous and cannot be used to create a "gap" as Mickle seeks.
 
 
 10
 However, because the special parole provisions in 21 U.S.C. Sec. 960 were still in effect on the dates of Mickle's offenses, the district court's sentence was erroneous to the extent it imposed terms of supervised release. The case is therefore remanded to the district court for sentencing under these "special parole" provisions.
 
 CONCLUSION
 
 11
 We VACATE the ruling of the district court and REMAND for resentencing.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 He was charged with and plead guilty to violating 21 U.S.C. Sec. 952(a)(2)
 
 
 [2]
 Imposing statutory amendments to sentencing guidelines enacted after the date of the offense implicate the ex post facto clause of the United States Constitution, Article I, Sec. 10. See Miller v. Florida, 428 U.S. 423, 429-36 (1986); Dobbert v. Florida, 432 U.S. 282 (1976)